Opinion delivered May 10, 1887.

---

No. 5896.

### D. S. ARNOLD ET AL. *v.* P. J. WILLIS & BRO.

1. ATTACHMENT—JURISDICTION.—When, in a suit by attachment on a note not due, the plaintiff amends his pleading after the maturity of the note, asking judgment thereon and foreclosure of the attachment lien, the quashing of the attachment does not. entitle the defendant to a dismissal of the suit. Jurisdiction attached on filing the amended petition after the maturity of the note, and this though the amendment may have set up a new and different cause of action. Costs should be taxed in such a case against the plaintiff up to the date of filing the amended petition.

ERROR from Nolan.    Tried below before the Hon. T. B. Wheeler.

*W. H. Cowan* and *B. G. Bidwell*, for plaintiff in error.

*Boone & Scarborough,* for defendants in error.

WILLIE, CHIEF JUSTICE.    P. J. Willis & Bro. sued J. W. Neblett, D. S. Arnold, J. W. Posey and W. H. Cowen upon a promissory note, and, at the same time, sued out a writ of attachment against the property of the defendants.    The note was not due at the time the suit was commenced, but matured before the cause was tried.

After the note became due the plaintiffs amended their petition, and set up that fact, as also the issuance and levy of the writ of attachment, prayed for judgment, foreclosure of the attachment lien and sale of the attached property in satisfaction of it. The judgment recited that the motion so far as it sought to quash the attachment was heard and granted, but that portion of it which sought to dismiss the suit was overruled; and that the parties, plaintiff and defendant appeared, and no jury being demanded, the cause was submitted to the court, and judgment thereupon rendered for the plaintiffs against the defendants for the sum of one thousand one hundred and forty-seven dollars and sixty-six cents and interest, and all costs of suit except the costs incidental to and growing out of issuance, levy and return of the attachment. These costs were adjudged against the plaintiff. The defendants Arnold, Cowen and Posey have brought this judgment here for revision upon writ of error.

It is complained that the court should have sustained the motion to dismiss the suit after the attachment was quashed. But the motion is not found in the record, or the grounds of it recited in the judgment. We can not presume that the grounds of the motion were those stated in the brief of counsel, viz., that the attachment having been quashed; the court had no jurisdiction of the cause, its jurisdiction to entertain a suit upon a note not due depending upon the validity of the attachment. But this, if taken, was no ground for dismissing the suit. The note had matured and an amended petition was in, setting of that fact, and the plaintiffs were at that time entitled to commence a suit upon that note. Treating the amended petition as a new suit, it was not necessary for the plaintiff to go through the formality of dismissing the case already in court and of commencing the proceedings over again, when the subject of controversy could as well be determined in the cause then pending.

Had a wholly different cause of action been set up, and the former case been abandoned, this would not have dismissed the suit. The only effect would have been to require notice of the new proceedings, charge the costs already accrued to the plaintiffs, and let in any defenses accruing against the new cause of action down to the date of filing the amendment. The amendment in this case set up the same cause of action as the original petition and the parties defendant appeared and pleaded to it, and we see no reason why judgment should not have been ren-

dered against them upon proof of the plaintiff's case, and this must be presumed in absence of a statement of facts.

This does away with all necessity for considering the sufficiency of the citation issued in the cause. The court below should, however, have taxed the plaintiffs with all costs of suit accruing down to the filing of the amended petition, instead of the cost of the attachment only. This error is not assigned, but the defendants in error have suggested delay which opens it to consideration. The judgment will be so reformed as to tax the costs above stated to the defendants in error, and as thus reformed will be affirmed.

*Reformed and affirmed.*